IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

FARIBA (MELODY) AMIRI
2311 PIMMIT DRIVE, Apt. 509
FALLS CHURCH, VA 22043

Plaintiff,

v.

Case No.________________

OMNI EXCAVATORS, INC.
2413 BENNING ROAD, NE
WASHINGTON, DC 20002

Serve: Hannah Franklin
619 Farragut Street, NW
Washington, DC 20011

ABOTORAB (ROB) RAFI
8526 SPARTAN RD,
FAIRFAX, VA 22031

MANUAL DIAS
6906 COURAGEOUS CIRCLE
BURKE, VA 22015

Defendants.

COMPLAINT

COMES NOW, Plaintiff, Fariba Amiri, by and through her undersigned counsel and hereby sues Omni Excavators Inc., Abotorab (Rob) Rafi and Manual Dias for violation of the DC Human Rights Act, D.C. Code Ann. §2-1401, et. seq., Title VII of the Civil Rights Act of 1964, the DC Wage Payment Act, D.C. Code Ann.§32.1301, et. seq. , and Breach of Contract and in support thereof, hereby states as follows:

## PARTIES

1. Plaintiff is an adult resident of the Commonwealth of Virginia.

2. Defendant Omni Excavators, Inc. is a District of Columbia corporation with its principal place of business located in the District of Columbia.

3. Defendant Abotorab (Rob) Rafi is an adult citizen of the Commonwealth of Virginia and the President of Omni.

4. Defendant Manuel Dias is an adult citizen of the Commonwealth of Virginia and also President of Omni.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter based upon 28 U.S.C.A. §1331 because this matter is based a question of federal law.

6. Venue in this matter is proper based upon 28 U.S.C.A. §1391.

## FACTS OF THE CASE

7. Plaintiff was hired by Defendant Omni as its Vice President in or about October, 2015.

8. Defendant Omni is an excavation contractor.

9. Defendants Rafi and Dias are the principal owners of Omni.

10. Plaintiff's main responsibilities were contracting with DDOT, DC Government, DC Water and Sewer and numerous private developers and contractors.

11. Plaintiff made great strides in improving Omni's administrative process, contracting, employee relations and Omni's overall business performance.

12. In addition to her base salary, in May, 2017, all Defendants agreed to pay her a 5% commission on each contract to reach Omni's office as well as 10% of any money that she saved Defendants on contracts that they were subject to losing.

13. Beginning in or about February or March, 2016, Defendant Rafi and Plaintiff began a consensual sexual relationship.

14. Defendant Rafi told Ms. Amiri that she was divorced, yet at that at that time and continuing through now, Defendant Rafi lived in the same house as his wife.

15. In or about March, 2017, Defendant Rafi insisted that Ms. Amiri could no longer come to the office, but could only work from home.

16. During at least one phone call related to your insistence that she work from home, Ms. Amiri raised the issue of sexual harassment.

17. Rather than deal with Plaintiff's concerns, Defendant Rafi forced her to continue to work from home.

18. This affected both her ability to adequately and effectively do her job and her professional standing with the other employees.

19. In late July, 2017, Plaintiff was hospitalized for back surgery.

20. On Saturday, August 5, 2017, in a long and detailed text message, Plaintiff ended the romantic relationship with Defendant Rafi.

21. On Tuesday, August 7, 2017, a mere two days after Plaintiff refused to continue her relationship, Defendants Omni and Rafi fired her.

22. Defendants stated reason for the termination was "Due to lack of sufficient work."

23. This reason is demonstrably false.

24. At the time of Plaintiff's discharge, Defendant Omni had numerous projects on the books and was preparing to begin work on Contract 9A and 9B retainer from Judlau, Contract 11a from Fort Myer and at least one contract for Capitol paving.

25. In addition to sexually harassing Plaintiff and terminating her when she broke up with Defendant Rafi, Defendant Omni has failed to pay Plaintiff's wages, in the form of commissions and bonuses that she has earned, through her final day of employment.

26. On November 8, 2016, Defendants Rafi and Dias signed an agreement to:

> "Rob and Manuel pay a five percent commission to Ms. Amiri at the end of each calendar year as of today taken from the total value of all active projects since October 2015."

27. Defendants further stated:

> Each (Rafi and Dias) agree to be personally responsible for payment of the commission provided herein and or collection costs if necessary including attorneys' fees"

28. From Plaintiff's hire date in October, 2015 through August 7, 2017, Defendant Omni had total active projects of approximately $20,000,000.00.

29. At 5%, Plaintiff is entitled to at least $1,000,000.00 in commissions.

30. In addition the commission agreement, Defendants agreed to pay Plaintiff a 10% bonus on any money that she "saved" Omni.

31. In at least one instance, Clark Construction threated to cancel a contract. Plaintiff was able to convince Clark that they had no basis to terminate the contract and she saved that contract for Omni worth $1,040,000.00 and a subsequent contract with Clark in the amount of $69,000.00.

32. As a result of these savings, Plaintiff was entitled to a bonus in the amount of $110,900.00.

33. At this time, Defendants have failed to pay Plaintiff at least $1,110,900.00 in commission and bonus.

34. On or about September 12, 2017, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Charge No. 570-2017-01438N.

35. On or about March 13, 2018, Plaintiff requested her Right to Sue Letter.

COUNT I
VIOLATION OF DC HUMAN RIGHTS ACT, D.C. CODE ANN. §2-1401, ET. SEQ.

36. Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

37. Pursuant to the DC Human Rights Act, it is unlawful for an employer to discriminate against an employee on the basis of her gender.

38. Plaintiff was terminated on the basis of her gender, and her lack of willingness to continue to engage in a sexual relationship with her boss, in violation of the DC Human Rights Act.

39. Based on the facts incorporated herein, it is clear that Plaintiff's continued submission to Defendant Rafi's sexual advances was a condition of employment.

40. Furthermore, the rejection of such advances was the cause for her discharge because she was fired a mere 2 days after she ceased the sexual relationship.

41. Plaintiff has suffered and continues to suffer harm and damages, including but not limited to, humiliation, depression, anxiety, sleepless and other mental anguish as a direct and proximate result of Defendants' unlawful actions.

COUNT II
VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
42 U.S.C. §2000e

42. Plaintiff adopts and incorporates by reference all of the allegations set forth in the

previous paragraphs as if the same were fully set forth herein.

43. Pursuant to the DC Human Rights Act, it is unlawful for an employer to discriminate against an employee on the basis of her gender.

44. Plaintiff was terminated on the basis of her gender, and her lack of willingness to continue to engage in a sexual relationship with her boss, in violation of the DC Human Rights Act.

45. Based on the facts incorporated herein, it is clear that Plaintiff's continued submission to Defendant Rafi's sexual advances was a condition of employment.

46. Furthermore, the rejection of such advances was the cause for her discharge because she was fired a mere 2 days after she ceased the sexual relationship.

47. Plaintiff has suffered and continues to suffer harm and damages, including but not limited to, humiliation, depression, anxiety, sleepless and other mental anguish as a direct and proximate result of Defendants' unlawful actions.

COUNT III
VIOLATION OF DC CODE ANN. 32-1301
DISTRICT OF COLUMBIA WAGE PAYMENT AND COLLECTION ACT

48. Plaintiff hereby adopts all aforesaid paragraphs as if fully reproduced herein.

49. The unpaid commissions and bonuses described herein are defined as wages by the Wage Act.

50. The Wage Act provides that upon separation, an employee is due all earned but unpaid wages.

51. The Wage Act further provides that upon Defendants' failure to pay all wages due following separation from employment, Plaintiff is entitled to the unpaid wages plus an amount of treble damages and attorneys' fees.

52. Further, the Wage Act and applicable DC case law provide that both Omni and its principals, Defendants Rafi and Dias are defined as employers by the Act.

53. Defendants have failed and refused to pay Plaintiff her wages and more than 10 days has passed since she separated from employment with Omni.

54. Defendants, individually, jointly and severally are indebted to Plaintiff in the amount of $1,110,900.00.

55. Pursuant to the Wage Act, Plaintiff is further entitled to and Defendants are liable for treble damages, totaling $3,332,700 in treble damages.

56. The Wage Act also provides that Defendants are responsible for all attorneys' fees and costs associated with the enforcement of the Wage Act.

## COUNT IV
## BREACH OF CONTRACT

57. Plaintiff hereby adopts all aforesaid paragraphs as if fully reproduced herein.

58. Plaintiff and all Defendants are parties to the November 8, 2016 Contract.

59. Defendants have breached the Contract by failing and refusing to pay Plaintiff all of her commissions and bonuses identified therein.

60. Further, Defendants Rafi and Dias agreed to be personally liable for all payments due under the Contract and any attorneys' fees associated with the enforcement of the Contract.

WHEREFRORE, Plaintiff respectfully requests that this Court enter judgment favor of Plaintiff and against Defendants for

A. On Count I (Violation of the DC Human Rights Act), economic damages in the amount of $75.000.00, Compensatory Damages in the Amount of $50,000.00 and Punitive Damages in the amount of $50,000.00;

B. On Count II (Violation of Title VII of the Civil Rights Act of 1964), economic damages in the amount of $75.000.00, Compensatory Damages in the Amount of $50,000.00 and Punitive Damages in the amount of $50,000.00;

C. On Count III (Violation of the DC Wage Act), unpaid wages in the amount of $1,110,900.00 and treble damages in the amount of $3,332,700.00;

D. On Count IV (Breach of Contract), $1,110,900.00;

E. Award Plaintiff all of her fees and costs associated with this matter, including her attorneys' fee; and

F. Such other and further relief as this Court deems necessary based upon the facts and circumstances of this case.

**JURY TRIAL**

Plaintiff requests that all matters in this case be tried by a jury.

Dated: March 16, 2018

Respectfully Submitted,

/s/Neil S. Hyman
Neil S. Hyman, Esquire
DC Bar No. 465047
Law Office of Neil S. Hyman, LLC
4520 East West Highway, Suite 700
Bethesda, Maryland 20814
301-841-7105 (p)
neil@neilhymanlaw.com
*Counsel for Plaintiff*