**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                                    )
FARIBA AMIRI                                         )
                                                                    )
                        Plaintiff,                          )
v.                                                                 )
                                                                    )   Case No.: 18-586 RMC
OMNI EXCAVATORS, INC., *et al.*       )
                                                                    )
                        Defendants.                      )
_____)

**ANSWER**

COMES NOW, Defendants Omni Excavators, Inc., Abotorab Rafi, and Manuel Dias (collectively "Defendants"), by and through their counsel, Robbins Law Group, PLLC, and pursuant to Fed. R. Civ. P. 8(b) and 12(a)(1)(C), hereby file this Answer in response to the Complaint by Plaintiff Fariba Amiri ("Ms. Amiri"), and state as follows:

**PARTIES**

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 1 of the Complaint and therefore deny the same.

2. Admit.

3. Admit.

4. Admit.

**JURISDICTION AND VENUE**

5. Paragraph 5 states a legal conclusion to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 5 and demand strict proof thereof.

6. Paragraph 6 states a legal conclusion to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 6 and demand strict proof thereof.

7. Denied.

8. Admit.

9. Admit.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 18 of the Complaint and therefore deny the same.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 19 of the Complaint and therefore deny the same.

20. Denied.

21. Admit only that Plaintiff consulting services concluded. Defendants deny all of the remaining averments contained in Paragraph 21 and demand strict proof thereof.

22. Admit only that Plaintiff's consulting services ended. Defendants deny all of the remaining averments contained in Paragraph 22 and demand strict proof thereof.

23. Paragraph 23 states a legal conclusion to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 23 and demand strict proof thereof.

24. Defendants lack knowledge or information to understand the Plaintiff's undefined terms: i) "Contract 9A and 9B retainer from Judlau'" ii) "Contract 11a from Fort Myer"; and, iii) "Capitol paving". Defendants deny all of the remaining averments contained in Paragraph 24 and demand strict proof thereof.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Admit.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 35 of the Complaint and therefore deny the same.

**COUNT I**
**VIOLATION OF DC HUMAN RIGHTS ACT, D.C. CODE ANN. § 2-1401, ET. SEQ.**

36. Defendants incorporate by reference their responses to Paragraphs 1 through 35 of this Answer as though fully restated herein.

37. Paragraph 37 states a legal conclusion to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 37 and demand strict proof thereof.

38. Denied.

39. Denied.

40. Denied.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 41 of the Complaint and therefore deny the same and demand strict proof thereof.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. §2000E

42. Defendants incorporate by reference their responses to paragraphs 1 through 41 of the Answer as though fully restated herein.

43. Paragraph 43 states a legal conclusion to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 43 and demand strict proof thereof.

44. Denied.

45. Denied.

46. Denied.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 47 of the Complaint and therefore deny the same and demand strict proof thereof.

## COUNT III
## VIOLATION OF DC CODE ANN. 32-1301
## DISTRICT OF COLUMBIA WAGE PAYMENT AND COLLECTIONS ACT

48. Defendants incorporate by reference their responses to paragraphs 1 through 47 of the Answer as though fully restated herein.

49. Paragraph 49 states a legal conclusion to which no response is required. To the extent that an answer is required, Defendants deny the allegation of Paragraph 49 and demand strict proof thereof.

50. Paragraph 50 states a legal conclusion to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 50 and demand strict proof thereof.

51. Paragraph 51 states a legal conclusion to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 51 and demand strict proof thereof.

52. Paragraph 52 states a legal conclusion to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 52 and demand strict proof thereof.

53. Denied.

54. Denied.

55. Denied.

56. Paragraph 56 states a legal conclusion to which no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 56 and demand strict proof thereof.

## COUNT IV
## BREACH OF CONTRACT

57. Defendants incorporate by reference their responses to Paragraphs 1 through 56 of this Answer as though fully restated herein.

58. Denied.

59. Denied.

60. Denied.

## AFFIRMATIVE DEFENSES

Defendants by counsel, set forth the following affirmative defenses and other defenses:

1. Defendants deny all allegations not expressly admitted.

2. Defendants are not indebted to the Plaintiff in the amount claimed.

3. Plaintiff fails to state a claim for breach of contract because the contract Plaintiff alleges existed among the Plaintiff and Defendants never existed.

4. Plaintiff's claims are barred because at no time was Plaintiff an employee.

5. Plaintiff's claims are barred by her own prior breaches of first breach.

6. Plaintiff's claims are barred by her own assumption of risk.

7. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

8. Plaintiff's claims are barred by the doctrine of estoppel.

9. Plaintiff's claims are barred by the doctrine of waiver.

10. Plaintiff's claims are barred by the doctrine of release.

11. Plaintiff's claims are barred by the mitigation doctrine.

12. Plaintiff's claims are barred by the doctrine of unclean hands.

13. Plaintiff's claims are barred by the doctrine of contributory negligence.

14. Plaintiff's claims are barred by Plaintiff's own conduct or by the conduct of its agents, representatives, or consultants.

15. Plaintiff has suffered no tangible adverse employment action.

16. A valid business justification existed for Defendants to terminate the Plaintiff's consulting relationship.

17. Defendants' exercised reasonable care to prevent and correct promptly any alleged sexual harassing behavior.

18. Plaintiff failed to take advantage of Defendants preventative and correctives opportunities.

19. Plaintiff failed to reasonably make use of Defendants anti-harassment policies and procedures.

20. Defendants reserve the right to assert such other additional affirmative or other defenses as may become known through discovery, which continues in this matter, or as may become known in preparation of this case.

**WHEREFORE,** having fully responded to all of the allegations, Defendants Omni Excavators, Inc., Abotorab Rafi, and Manuel Dias respectfully request that this Court dismiss the Complaint against them with prejudice, award them costs and fees, and grant any such further and additional relief as this Court deems just and proper, including attorney's fees and cost of suit.

Dated: May 1, 2018                                         Respectfully submitted by

                                            **ROBBINS LAW GROUP, PLLC**

                                                  /s/ Seth A. Robbins
Seth A. Robbins (DC Bar No.: 471812)
1100 North Glebe Road
Suite 1010
Arlington, Virginia 22201
Tel: (703) 224-4436
Fax: (202)
Email: srobbins@robbins-lawgroup.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of May 2018, a copy of the foregoing Answer was electronically field with the Clerk of the Court using the CM/ECF system, which will provide notice of such filing to all counsel of record.

                                                  /s/ Seth A. Robbins
                                                  Seth A. Robbins