**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                                                )
FARIBA AMIRI                                            )
                                                                )
            Plaintiff,                                     )
v.                                                             )
                                                                )   Case No.: 18-586 RMC
OMNI EXCAVATORS, INC., *et al.*          )
                                                                )
            Defendants.                                 )
_____)

**OPPOSTION TO MOTION FOR ENTRY OF DEFAULT JUDGMENT**

COMES NOW, Defendants Omni Excavators, Inc., Abotorab Rafi, and Manuel Dias (collectively "Defendants"), by and through their counsel, Robbins Law Group, PLLC, and pursuant to Fed. R. Civ. P. 27(a)(3), hereby file this Opposition to the Motion for Entry of Default Judgment (the "Motion") filed by Plaintiff Fariba Amiri ("Ms. Amiri"), and state as follows:

**I.    INTRODUCTION**

Defendants oppose the Motion for Entry of Default Judgment and respectfully request the Court accept the responsive pleading filed by Defendants [DKT 5] to the Complaint.  The Court has the discretion to allow a party to late-file a responsive pleading when to do so would not prejudice the moving parties and would serve the ends of justice.

In the case at bar, contrary to Plaintiff's statements, neither defendants Abotorab Rafi or Manuel Dias were property served with a copy of the Summons and Complaint in the manner prescribed by Fed. R. Civ. P. 5.  Therefore, service of process was defective and the Plaintiff's Motion should be denied.

1

As to Defendant Omni Excavators, Inc., while the Defendants do not dispute the manner of service of process, the Plaintiff's statement in support of the Motion are not factually correct and misleading.  The Plaintiff's statement that Plaintiff's counsel "approved a draft Consent Motion" is patently false.  Motion at ¶5.  As discussed *infra,* Plaintiff's counsel later recanted such statement.  However, to date, the undersigned counsel is not aware of any filing submitted by Plaintiff's correcting the record and his false statement.

## II.   ARGUMENT

As a principle, under Federal law, it is well settled that Court's look upon default judgments with disfavor.  *Scharner v. Copeland*, (M.D. Pa, 587 F2d 1395) 1973.  Specific to this jurisdiction, the *Gant* Court explained;

> "Because courts strongly favor resolution of disputes on the merits, and because it seems inherently unfair to use court's power to enter judgment as a penalty for filing delays, default judgments are not favored by modern courts; accordingly, default judgment usually is available only when adversary process has been halted because of essentially unresponsive party, as diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights.

*United States v. Gant*, 268 F. Supp 2d 29 (D.D.C. 2003).

Fed. R. Civ. P. 12 requires that a defendant file a responsive pleading within twenty-one (21) days of service.  However, Fed. R. Civ. P. 6(b) provides the time allowed for filing pleadings may be extended by the Court in its discretion.  *See, Yesudian ex rel., United States v. Howard University,* 270 F.3d 969, 971 (D.C. Cir. 2001) (finding that a deadline extension was granted without formal finding of excusable neglect when the court found no prejudice to the other party).  Although not explicitly required, courts generally look to whether the defendants acted in good faith while failing to timely file responsive pleadings, as well as whether the delay has caused prejudice to the plaintiff.  *Id.*

The Defendants have retained counsel and are prepared to defend the lawsuit. Plaintiff's request should be denied as there is a strong judicial policy in this jurisdiction which favors deciding cases on their merits rather than by default judgment. *Walker v. Smith,* 499 A.2d 446, 448-49 (D.C. 1985); *Westmoreland v. Weaver Brothers, Inc.* 295 A.2d 506, 508 (D.C. 1972); *Barr v. Rhea Radin Real Estate, Inc.* 251 A.2d 634, 635-636 (D.C. 1969).

**III.   FACTS**

   *A.   Defendants Abotorab Rafi, and Manuel Dias were not properly served.*

Fed. R. Civ. P. 6(b) provides the mechanisms whereby Service is achieved. In part, Service is achieved by handling the papers to the person [defendant], leaving it at the person's office, or delivering it by any means that the person consented to in writing. Fed. R. Civ. P. 6(b)(2)(A), B(ii), (F). The method of Service Plaintiff used does not qualify as service of process on Mr. Abotorab Rafi and Mr. Manuel Dias.

In the instant matter, Plaintiff attested the individual defendants – Mr. Abotorab Rafi and Mr. Manuel Dias – were served via "Ms. Hannah Franklin who is the designated by law to **accept service of process on behalf of Omni Excavators, Inc.**" [Emp. Added]. Ms. Hannah is **<u>NOT</u>** authorized or designated to accept service on behalf of Mr. Abotorab Rafi and Mr. Manuel Dias.

Rather, Ms. Hannah is the registered agent for Defendant Omni Excavators, Inc. Ms. Franklin's business address is NOT the business address for Defendant Omni Excavators, Inc. *See, Summons [DKT 2].* And as noted on the face of the Summons, Ms. Franklin's business address is NOT the service address for Mr. Rafi or Mr. Dias. *See, Summons [DKT 2].* Accordingly, Service on Ms. Franklin in lieu of Messrs. Rafi and Dias is not proper under the Federal Rules.

> B.  *Despite Defendants' counsel's transmission of the proposed Consent Motion to Extend the Time for Defendants to Respond to the Complaint, the Plaintiff's Counsel **NEVER** approved or for that matter even responded to Defendants' counsel.*

The undersigned counsel was retained by the Defendants on or about April 18, 2018. As correctly indicated by Plaintiff, on or about April 18, 2018, the undersigned counsel reached out to Plaintiff's counsel to seek an extension to file a responsive pleading. *See, Motion at ¶4 and Exhibit 2.* Plaintiff's counsel verbally consented. Defendants' counsel agreed to transmit a corresponding Consent Motion by which the parties would execute and transmit to the Court.

On April 19, 2018, the undersigned counsel (via his law clerk) transmitted to Plaintiff's counsel a draft Consent Motion for Extension to Respond to Complaint (the "Consent Motion"). A true and correct copy of the electronic correspondence from Ms. Gloria Paredes to Mr. Hyman is attached hereto and incorporated by reference at **Exhibit 1**. Plaintiff's counsel did **NOT** respond to the correspondence. Without confirmation the Consent Motion was acceptable, Defendants' counsel was ethically barred from filing the *Consent* Motion.

Plaintiff counsel's representation to the Court that he "approved a draft Consent Motion that was provided to Plaintiff's counsel by Mr. Robbins" is not correct. Indeed, attached at Exhibit 2 is the subsequent email exchange between Plaintiff's counsel and the undersigned counsel, dated May 1, 2018, wherein Plaintiff's counsel confirms that he "did not respond" to the Consent Motion transmittal. A true and correct copy of the email correspondence, dated May 1, 2018, is attached hereto and incorporated by reference at **Exhibit 2**.

Moreover, Plaintiff's counsel's representation that Mr. Hyman "notified Mr. Robbins of his intent to file this Motion" is not correct. Motion at ¶9. As noted at Exhibit 2, Mr. Hyman did not notify Mr. Robbins of his **intent** to file Motion. Rather, Mr. Hyman notified Mr. Robbins **after** he filed the Motion. Specifically, Mr. Hyman confirms "I **have filed** the attached

4

Motion..." [Emph. Added] *See,* Exhibit 2. Mr. Robbins promptly responded and advised Mr. Hyman of his intent to file the Answer [DKT 5]. To which Mr. Hyman responded he was confident the Court would grant the Motion and enter default. *Id.* And alas, the Motion and this Opposition are now before the Court.

**IV.    NO PREJUDICE AND GOOD CAUSE**

The Defendants have retained counsel and are prepared to defend the lawsuit. The Defendants have valid defenses in this action as demonstrated by the Answer and corresponding Affirmative Defenses. *See,* Answer [DKT 5].

Finally, there will be no prejudice to the Plaintiff if Defendants are allowed to late-file their responsive pleadings. Granting the Motion for Default Judgment, on the other hand, will not serve the interest of justice, will lead to judicial inefficiency, and ultimately will frustrate the parties' ability to substantively address the merits of the dispute. Discovery has not commenced. And the Court's Initial Scheduling Conference is set for June 21, 2018, at 10:15am. In short, at best, we are talking about a one (1) day delay from the date Plaintiff's counsel anticipated a response. Hardly the type of "interminable" delay litmus as set forth the *Gant* matter. *Gant, 268 F. Supp 2d 29.*

**V.    CONLCUSION**

For all of the above reasons, Defendants Omni Excavators, Inc., Abotorab Rafi, and Manuel Dias request the Court deny the Motion for Entry of Default Judgment and either accept the Answer filed by Defendants [DKT 5] or allow the Defendants to late-file responsive pleading, and such other and further relieve as the Court deems proper.

Dated: May 3, 2018                                    Respectfully submitted by

**ROBBINS LAW GROUP, PLLC**

    /s/ Seth A. Robbins
Seth A. Robbins (DC Bar No.: 471812)
1100 North Glebe Road
Suite 1010
Arlington, Virginia 22201
Tel: (703) 224-4436
Fax: (202)
Email: srobbins@robbins-lawgroup.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of May 2018, a copy of the foregoing Opposition to Motion for Entry of Default Judgment was electronically field with the Clerk of the Court using the CM/ECF system, which will provide notice of such filing to all counsel of record.

    /s/ Seth A. Robbins
Seth A. Robbins