UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| FARIBA AMIRI, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 18-586 (RMC) |
| OMNI EXCAVATORS, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

Plaintiff Fariba Amiri complains that she was discriminated against when her employer, Omni Excavators, Inc. (Omni), and its principals, Abotorab Rafi and Manual Dias, fired her shortly after she ended an intimate relationship with Mr. Rafi. Ms. Amiri sues Omni and its principals, seeking unpaid wages and damages. Although the case was filed in 2018, it has developed very slowly, in part because of Plaintiff's significant delays in providing discovery. Before the Court is Defendants' motion to exclude any of Plaintiff's evidence and witnesses that should have been, but were not, timely identified.

**I. BACKGROUND**

The Complaint in this matter was filed on March 16, 2018. Compl. [Dkt. 1]. Count I alleges a violation of the D.C. Human Rights Act, D.C. Code § 2-1401 *et seq.*; Count II alleges a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16a; Count III alleges a violation of the District of Columbia Wage Payment and Collection Act, D.C. Code § 32-1301 *et seq.*; and Count IV alleges breach of contract. Ms. Amiri worked for Defendant Omni, an excavation contractor located in the District of Columbia, as its Vice President from

1

October 2015 to August 7, 2017. Compl. ¶¶ 7, 21. Ms. Amiri was fired two days after she ended her consensual relationship with Mr. Rafi. *Id.* ¶¶ 13, 20-21. After filing a charge with the Equal Employment Opportunity Commission on September 12, 2017, Ms. Amiri filed her federal suit in March 2018. *See* Compl.

Defendants filed their Answer on May 1, 2018, and the Court held an initial scheduling conference on June 21, 2018. *See* Answer [Dkt. 5]; Order [Dkt. 7]. The subsequent scheduling order set deadlines for discovery, essentially as proposed by the parties. Order [Dkt. 8] (Initial Discovery Order). The Initial Discovery Order required that "[t]he parties shall make initial disclosures under Federal Rule of Civil Procedure 26(a)(1) no later than July 13, 2018" and that fact discovery ended on December 31, 2018.

Defendants provided Plaintiff with initial disclosures on July 13, 2018. Four months later, on November 30, each served interrogatories and requests for admissions on Plaintiff. On that date, Ms. Amiri served Omni with document requests. Counsel for Ms. Amiri represents that he responded to the defense requests for admissions on January 2, 2019 but informed Defendants that he needed additional time to answer their interrogatories.

The Court held a status conference on January 8, 2019 at the end of discovery. During the hearing, the parties advised that they had exchanged written discovery requests but had not yet completed discovery. Defendants complained that Plaintiff had failed to provide initial disclosures and indicated that they planned to move to exclude all evidence that should have been disclosed. Counsel for Plaintiff responded that he thought he had provided initial disclosures but, if he were mistaken, he would serve them quickly. Following the hearing, a Revised Discovery Order extended the discovery deadline to April 5, 2019 and set a briefing schedule for Defendants' motion to exclude Plaintiff's undisclosed evidence.

2

Plaintiff provided Defendants with initial disclosures on January 29, 2019, more than six months after the Court-ordered deadline of July 13, 2018. At the same time, Plaintiff submitted answers to Defendants' interrogatories.

Defendants timely filed their motion to exclude evidence on February 6, 2019. They ask the Court to: "(1) preclude Plaintiff from using information, evidence, witnesses, or information that she failed to disclose as required by [Federal Rule of Civil Procedure 26(a) and Local Court Rule 26.2(a)]; (2) strike the late filed initial disclosure; (3) dismiss the case with prejudice; and, (4) such other and further relief as this Court deems proper." Defs.' Mot. *in Limine* to Exclude All of Pl.'s Evidence and Testimony (Mot.) [Dkt. 14] at 6. The matter is ripe for review.[1]

Oral argument on the motion was set for April 9, 2019 but shortly before, all parties sought a stay and referral to mediation. The Court granted the motion and referred the case to mediation for 90 days. However, on August 15, 2019, the parties notified the Court that mediation had been unsuccessful and requested oral argument on the pending motion. They also advised that depositions had not been completed so asked that "discovery be extended by 60 days, following the Court's ruling on the Motion in Limine, to complete depositions." *Id.* The Court held oral argument on September 19, 2019.

---

[1] *See* Pl.'s Opp'n to Defs.' Mot. in Limine (Opp'n) [Dkt. 16]; Defs.' Reply to Pl's. Opp'n to Defs.' Mot. *in Limine* to Exclude All of Pl.'s Evidence and Testimony (Reply) [Dkt. 17].

## II. LEGAL STANDARDS

### A. Initial Disclosures

Rule 26(a)(1) of the Federal Rules of Civil Procedure governs initial disclosures. Under that provision, parties must disclose, without awaiting a discovery request, several categories of information, including:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses . . . .;
>
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses . . . .;
>
> (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based . . . .

Fed. R. Civ. P. 26(a)(1) (referencing Fed. R. Civ. P. 34).

A party's initial disclosure obligations operate as "the functional equivalent of court-ordered interrogatories" and serve to "accelerate the exchange of basic information [about the case] . . . and to eliminate the paper work involved in requesting such information." *Calkins v. Pacel Corp.*, No. 3:07cv00025, 2008 WL 2311565, at *3 (W.D. Va. June 4, 2008) (citing Fed. R. Civ. P. 26, Adv. Comm. Notes (1993 Amendments)). The Advisory Committee Notes to Rule 26 state that disclosures concerning individuals likely to have discoverable information, required under Rule 26(a)(1)(i), should "[i]ndicat[e] briefly the general topics on which such persons have information" in order to "assist other parties in deciding which depositions will actually be needed." *Id.*

The commentary further explains that Rule 26(a)(1)(ii), which relates to documents used to support a party's claims or defenses, "does not require production of any documents." *Id.* Only a description of documents by category and location is required. *See* Fed. R. Civ. P. 26(a)(1)(ii). The commentary states that "[i]f . . . only the description [of documents] is provided, the other parties are expected to obtain the documents desired by proceeding under Rule 34 or through informal requests." *Id*; *see also* 8A Wright & Miller, Federal Practice and Procedure § 2053 (3d ed.) (stating that the "objective of [a listing of documents by category and location] is to enable the other parties to make informed decisions about which documents they should request . . . pursuant to Rule 34"). While "an itemized listing of each exhibit is not required," descriptions of documents should be sufficiently detailed to "enable opposing parties (1) to . . . [decide] which documents might need to be examined, at least initially, and (2) to frame their document requests in a manner likely to avoid squabbles resulting from the wording of the requests." *City of Chicago v. Purdue Pharma L.P.*, No. 14-CV-4361, 2017 WL 2819948, at *2 (N.D. Ill. Mar. 3, 2017) (citing Fed. R. Civ. P. 26, Adv. Comm. Notes (1993 Amendments)).

### B. Document Requests

Document requests are governed by Federal Rule of Civil Procedure 34, which allows any party to serve on any other party a request for documents or electronically stored information within the scope of Rule 26(b)[2] that are in the possession, custody, or control of the party upon whom the request is served. Fed. R. Civ. P. 34(a)(1)(A).

---

[2] Federal Rule Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, . . . [and this discoverable information] need not be admissible in evidence."

### C. Motion for Discovery Sanctions

Under Rule 37(b), a court may impose sanctions against a party that "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Such sanctions may include, *inter alia*, "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence"; "striking pleadings in whole or in part"; or "dismissing the action or proceeding in whole or in part." *Id.* Under Rule 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "In addition to or instead of this sanction," however, "the court, on motion and after giving an opportunity to be heard," may (1) "order payment of the reasonable expenses, including attorney's fees, caused by the failure"; (2) "inform the jury of the party's failure"; and (3) "impose other appropriate sanctions." *Id.*

Local Civil Rule 26.2(a), which Defendants cite in their Motion *in Limine*, governs initial disclosure requirements and mirrors Federal Rule 37(c). The Local Rule states in relevant part:

> A party that without substantial justification fails to disclose information . . . or to amend a prior response to discovery . . ., is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the Court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. These sanctions may include any of the actions authorized under [Federal Rule 37(b)], in addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, and may also include informing the jury of the failure to make the disclosure.

LCvR 26.2(a).[3]

"Under Rule 37, the district court has broad discretion to impose sanctions for discovery violations." *Bonds v. District of Columbia*, 93 F.3d 801, 807 (D.C. Cir. 1996). The central requirement of any Rule 37 sanction is that it be "just." *Id.* at 808. Thus, "Rule 37 is bounded by the 'concept of proportionality' between offense and sanction." *McNair v. District of Columbia*, 325 F.R.D. 20, 21 (D.D.C. 2018) (citing *Bonds*, 93 F.3d at 808).

The Circuit Court for the District of Columbia Circuit has provided guidance on determining when the "severe" sanction of dismissal is warranted. *See Webb v. District of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1998). *Webb* instructs that dismissal is justified when (1) the other party has been "so prejudiced by the misconduct that it would be unfair to require [the party] to proceed further in the case"; (2) the party's misconduct has put "an intolerable burden" on the court by requiring the court to modify its own docket and operations in order to accommodate the delay; or (3) the court finds it necessary "to sanction conduct that is disrespectful to the court and to deter similar misconduct in the future." *Id.*; *see also Bradshaw v. Vilsack*, 286 F.R.D. 133, 140 (D.D.C. 2012). Before dismissing a case for discovery failures, "a district court must consider whether lesser sanctions would be appropriate for the particular violation because the judicial system favors disposition of cases on the merits." *Bradshaw*, 286 F.R.D. at 140; *see also Bonds*, 93 F.3d at 808 ("[D]ismissal is a sanction of last resort to be applied only after less dire alternatives have been explored without success or would otherwise

---

[3] Defendants attempt to distinguish Rule 37 and Local Rule 26.2(a). *See* Reply at 2 ("Plaintiff's opposition improperly relies on the procedures and cases set forth in Rule 37—not LCvR 26.2 . . . . Rather, the Defendants[] seek a self-executing sanction as expressly provided by LCvR 26.2."). However, the Local Rules "supplement the Federal Rules of Civil . . . Procedure" and must "be construed in harmony" with the Federal Rules. LCvR 1.1. Further, Local Rule 26.2(a) expressly invokes the provisions of Federal Rule 37.

7

prove futile."). "These parameters apply not only to dismissal, but to any other severe sanction that effectively denies a party the right to a trial on the merits." *Cumis Ins. Soc'y, Inc. v. Clark*, 318 F. Supp. 3d 199, 211 (D.D.C. 2018).

### III. ANALYSIS

Plaintiff acknowledges that she missed the deadline to serve initial disclosures by more than six months and thereby violated Rule 26(a)(1), Local Rule 26, and the Court's Initial Discovery Order. As a result, exclusion of undisclosed evidence that was required by Rule 26(a) or other appropriate sanctions are warranted "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden is on the party resisting sanctions to demonstrate that its failure to provide information was either substantially justified or harmless." *Flynn v. Dick Corp.*, No. 03-1718 (AK), 2008 WL 2410406, at *3 (D.D.C. June 16, 2008).

#### A. Plaintiff Was Not "Substantially Justified" in Failing to Provide Timely Initial Disclosures

Plaintiff represents that "[t]he failure to timely serve the initial disclosures was the result of an oversight of counsel, not an intentional effort to ignore the rules or jeopardize the Defendants' ability to conduct discovery." Opp'n at 2. The Court accepts Plaintiff's representation but inadvertence is not a substantial justification for failing to provide initial disclosures. "The phrase 'substantially justified' is generally interpreted to mean 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Wannall v. Honeywell Int'l, Inc.*, 292 F.R.D. 26, 35 (D.D.C. 2013) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Here, Plaintiff not only failed to serve her Rule 26 disclosures for more than six months, but eventually produced them without seeking leave of court to serve them late. *See Brooks v. Kerry*, 37 F. Supp. 3d 187, 206 (D.D.C. 2014) (considering as relevant to the "substantial justification" inquiry whether plaintiff sought leave of

8

court to file a late witness declaration). Plaintiff's only explanation for her failure is "oversight" by her counsel, *see* Opp'n at 2, which does not constitute a substantial justification. *See Tolerico v. Home Depot*, 205 F.R.D. 169, 175-76 (M.D. Pa. 2002) (holding that plaintiff lacked substantial justification for failing to produce documents sooner because it was an inadvertent mistake).

### B. The Failure to Provide Adequate Initial Disclosures Was Not Harmless

Plaintiff argues that her failure to provide timely initial disclosures was harmless. She emphasizes that after the January 2019 status conference, the Court extended the discovery deadline through April 5, 2019. Thus, she contends, "there [was] more than adequate time for the Defendants to conduct any additional fact discovery they wish[ed] to conduct, including asking additional interrogatories, taking depositions and asking for the production of documents" but, instead, Defendants filed the instant Motion on February 6, 2019. Opp'n at 2.

It is true that the extension of the discovery deadline to April 5, 2019 might have enabled the parties to conduct additional fact discovery and, perhaps, to obviate the harm that Plaintiff's delays caused. Yet Plaintiff downplays her own errors. The initial discovery deadline was December 31, 2018, and that deadline came and went without Plaintiff serving initial disclosures. Counsel then promised at the hearing on January 8 to produce Rule 26 disclosures immediately but nothing was produced until the end of January. Thus, instead of receiving critical information in July, with almost six months of discovery still available, Defendants received that information on January 29 with just over two months for discovery.

Plaintiff also fails to appreciate that her initial disclosures remain, to this day, deficient. The disclosure of individuals likely to have discoverable information, required under Rule 26(a)(1)(i), was woefully inadequate: Plaintiff's disclosure did not list *any* such

9

individuals. Instead, her disclosure stated that "Plaintiff has identified all persons that she believes . . . have discoverable information relevant to the disputed facts in this case in her Answers to Interrogatories." Ex. A, Mot., Initial Disclosures. Defendants are thus forced to review Plaintiff's answers to ascertain which individuals might have discoverable information and of what importance. The Answers to Interrogatories hardly present the necessary information and fail to identify contact information. For instance, Plaintiff's answer to Defendant Omni listed five persons who apparently have knowledge about Plaintiff's claims and defenses, yet she only identified the subjects of testimony for "Mohamed Ali" and "Angie Canton," but no others. *See* Fed. R. Civ. P. 26(a)(1)(i) (requiring disclosure of the subjects, or general topics, that individuals with discoverable information possess). No information accompanied the names of other persons with information: the Plaintiff herself; Defendants and Omni principals Abotorab Rafi and Manual Dias; and "David Winer."[4] In addition, Plaintiff did not include a known address or contact information for any of the persons listed—including Plaintiff's *own* address. *See id.* (requiring disclosure of "the name and, if known, the address and telephone number of each individual likely to have discoverable information").

Even today, Plaintiff cannot say with a straight face that she has met her discovery obligations. Plaintiff's initial disclosures were provided significantly late and, when finally served, were deficient. Her disclosures remain incomplete and Plaintiff has made no effort to cure her errors. *Cf.* Fed. R. Civ. P. 26(e) (stating that parties must supplement disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect"). Over a year-and-a-half after Plaintiff filed this case,

---

[4] Indeed, Plaintiff provides no indication whatsoever who "David Winer" is, where he lives, or on what topic(s) he has discoverable information.

10

Plaintiff has still not provided Defendants with basic information about potential witnesses. Because these deficiencies have, in some respects, hampered Defendants' ability to defend themselves, the Court needs to fashion a remedy.

While Plaintiff's disclosures of potential witnesses remain deficient, Plaintiff's disclosure of documents—although exceptionally tardy—are substantively adequate. Plaintiff lists the following description of documents in her initial disclosures:

(1) November 8, 2016 Employment Contract;[5]

(2) Plaintiff has within her possession, custody, and control certain text message and emails between herself and the Defendants related to her hiring, employment, claims for sexual harassment, wrongful discharge and her unpaid wages. A majority of these documents are currently located on Plaintiff's old cell phone, which she will make available for review at a mutually convenient time.

*Id*. Defendants complain that these disclosures are deficient because "Plaintiff failed to identify dates of such correspondence or the names of the individuals who wrote or received the correspondence," and because Plaintiff has failed to produce any text message or emails to Defendants. Mot. at 5. During oral argument, Defendants repeatedly underscored Plaintiff's failure to produce pertinent documents.

Defendants misconstrue the requirements of Rule 26(a)(1)(ii). A party need not produce documents with its initial disclosures; only a description of documents by category and location is required. Fed. R. Civ. P. 26, Adv. Comm. Notes (1993 Amendments). The purpose of disclosure is so that opposing parties can frame their document requests and make informed decisions about which documents might need to be examined. *Id.* Here, while Plaintiff's

---

[5] Plaintiff represents in her disclosures that the 2016 Employment Contract is in "her possession, custody, or control." Ex. A, Mot., Initial Disclosures.

disclosures were lacking in specificity, they provided Defendants with an adequate basis for determining whether the documents might be worth requesting or examining.[6]

Indeed, on this point the fault lies in part with Defendants. Defendants received Plaintiff's document disclosures on January 29, 2019—over two months before the extended April 5 discovery deadline—but Defendants did not request any documents under Rule 34. The Court requested clarification on this point following the September 19 hearing, and Defendants responded that their November 30, 2018 interrogatories and requests for admissions "constitute[] all of the written discovery the Defendants issued to the Plaintiff." Defs.' Written Disc. Issued to the Pl. [Dkt. 25] at 2. Where a party provides only a description of the documents at issue in its initial disclosures, "the other parties are expected to obtain the documents desired by proceeding under Rule 34 or through informal requests." Fed. R. Civ. P. 26, Adv. Comm. Notes (1993 Amendments). Defendants, however, did not request documents pursuant to Rule 34, and the Court has no record of any other document requests by Defendants. Thus, Defendants' objections to not receiving documents from Plaintiff are diminished by their own failure to ask.

To be sure, the Court is sympathetic to Defendants' concerns that Plaintiff has failed completely to take basic steps to advance her case. At oral argument, counsel for Plaintiff represented that the text messages and emails referenced in Plaintiff's initial disclosures are the only documentary evidence supporting Plaintiff's gender discrimination claim. Counsel stated that this electronic evidence resides on Plaintiff's "old cell phone" but both counsel and Plaintiff

---

[6] Defendants' descriptions of documents in their own initial disclosures are no more specific than Plaintiff's descriptions. Defendants refer to "the consulting agreement and corresponding payments by and between Omni and Metroland, LLC," as well as certain "additional materials" located at Omni's principal place of business. *See* Ex. A, Defs' Initial Disclosures, Defs.' Written Disc. Issued to the Pl. [Dkt. 25-1]. The "additional materials" are not described.

are "having difficulty getting access to it." Counsel acknowledged that he requires a technical consultant to gain access to the phone, but he has taken no steps to hire one.

Counsel's failure to access the only evidence that supports his client's suit is characteristic of his dilatory approach in this case. However, the Court cannot conclude that Defendants have been harmed by Plaintiff's failure to produce documents when Defendants have not requested them.[7]

### C. The Appropriate Remedy

Defendants have moved for dismissal or, in the alternative, for lesser sanctions, based on Plaintiff's failure to provide timely initial disclosures.

*1. Dismissal*

D.C. Circuit precedent cautions that dismissal is justified when discovery failures are very prejudicial and make it unfair to require the other party to proceed, or such failures impose a significant burden on the court, or the failures demonstrate disrespect to the court. *Webb*, 146 F.3d at 971.

a. Prejudice to Defendants

"In determining whether a party's misconduct prejudices the other party so severely as to make it unfair to require the other party to proceed with the case, courts look to whether the aggrieved party has cited specific facts demonstrating actual prejudice, such as the loss of key witnesses." *Bradshaw*, 286 F.R.D. at 140-41; *see also Shea v. Donohoe Constr. Co.*, 795 F.2d 1071, 1075 (D.C. Cir. 1986) (noting that dismissal has been upheld where the "errant

---

[7] The Court also cannot conclude that Defendants have been harmed by Plaintiff's tardy disclosure of its computation of damages under Rule 26(a)(1)(iii). As with the document disclosures, Defendants received the damage computation over two months before the April 5, 2019 discovery deadline. Defendants did not then request underlying documentation.

13

behavior has caused the other party severe prejudice in his ability to present his case"). "[E]ven without a showing of actual prejudice . . . '[p]rejudice to defendants resulting from unreasonable delay may be presumed.'" *Shea*, 795 F.2d at 1075 (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)).

Defendants argue that Plaintiff's failure to provide timely or complete initial disclosures "harms Defendants by subjecting them to 'unfair surprise hindering the prejudiced party's ability to examine and contest that witness' evidence.'" Mot. at 4 (quoting *Smith. v. Henderson*, 54 F. Supp. 3d 58, 66 (D.D.C. 2014)). They contend that "[i]f the court accepts 'eleventh-hour declarations,' then [Defendants] 'would effectively be deprived of the opportunity to depose [Plaintiff's] new witnesses.'" *Id.* at 5 (quoting *United States ex rel. Purcell v. MWI Corp.*, 824 F. Supp. 2d 12, 19 (D.D.C. 2011)).

Defendants have a legitimate grievance about Plaintiff's failure to produce initial disclosures on time and failure to disclose potential witnesses adequately. However, Plaintiff's conduct has not seriously prejudiced Defendants' ability to present their case. Both sides have twice sought extensions of discovery because neither seems to give this case much consideration. And Plaintiff's inexplicable failure to access her only documentary evidence of gender discrimination is excusable in light of Defendants' inexplicable failure to request documents. The Court's incredulity at Plaintiff's attitude toward her own case, expressed at the oral argument, is only matched by its incredulity at Defendants' post-hearing admission that they never asked for documents.

Counsel are both advised that it is time to get to work on this case.

b. Prejudice to the Judicial System

Dismissal also may be appropriate "[w]here the delay or misconduct would require the court to expend considerable judicial resources in the future in addition to those it has

already wasted, thereby inconveniencing many other innocent litigants in the presentation of *their* cases." *Shea*, 795 F.2d at 1075-76. "District courts have substantial discretion in determining whether it would be overly burdensome to take remedial action less drastic than outright dismissal." *Bradshaw*, 286 F.R.D. at 141 (citing *Shea*, 795 F.2d at 1076).

The Court will not dismiss Plaintiff's case based on prejudice to the judicial system.

      c. Deterrence

Where attorney misconduct or delay is involved, as it is here, "our circuit 'has been notably reluctant to affirm dismissal under the punishment or deterrence rationale unless the client [her]self is shown to deserve the sanction.'" *Id.* at 142 (quoting *Shea*, 795 F.2d at 1077). This Circuit looks "disfavorably upon dismissals as sanction for attorney misconduct or delay *unless the client [her]self has been made aware of the problem, usually through notice from the trial court.*" *Shea*, 795 F.2d at 1078. "Only if a client, after receiving such notification, does not seek new counsel and the errant conduct of the attorney continues are severe sanctions warranted." *Bradshaw*, 286 F.R.D. at 142 (citing *Shea*, 795 F.2d at 1077-78) (emphasis in original)).[8]

The Court has now advised the Plaintiff of these problems and it is not clear that she has had knowledge of her counsel's dilatory conduct. The Court will not impose a discovery sanction for its deterrent effect.

---

[8] The Circuit has advised that "[t]his notice procedure [applies] principally for cases where *dismissal* is contemplated for punitive or deterrent purposes." *Shea*, 795 F.2d at 1078 (emphasis in original).

2. *Other Appropriate Sanctions*

Although dismissal is not warranted, the Court concludes that this case is a full year late because of these discovery failures. A plaintiff brings a lawsuit and has the responsibility to prosecute it; a defendant has no obligation to remind a plaintiff of her obligations. Plaintiff here has not fully performed her *initial* obligations, much less made any evident effort to advance her suit. Without evidentiary support, it is no wonder that mediation failed. The Court does not dismiss Plaintiff's discrimination claims only because Defendants also failed to perform proper discovery.

But a year is a year and this one has been wasted. The Court will sanction Plaintiff by requiring <u>her counsel</u> to pay reasonable attorneys' fees to defense counsel for its preparation for, and participation at, the oral argument on Defendants' motion.[9] The Court will also sanction Plaintiff for her deficient Rule 26 disclosures by barring the presentation of evidence or testimony from "David Winer," who was completely unidentified, or any other witness not yet identified. The Court will also sanction Plaintiff by limiting her documentary evidence on her gender claims to whatever is accessed and copied from her old cell phone.

In addition, the Court will order Plaintiff to file properly amended initial disclosures within two weeks. The Court will grant the parties' request to reopen discovery and will extend discovery for a period of 90 days.

---

[9] This would include time defense counsel spent preparing for the <u>oral argument</u> and arguing the motion but not time defense counsel spent preparing and filing Defendants' motion and reply. Had Defendants performed proper discovery in this case, the Court would consider awarding full attorneys' fees in briefing the motion. However, given Defendants' failure to serve document requests, a larger award is not appropriate. *See Bonds*, 93 F.3d at 808 ("The central requirement of Rule 37 is that any sanction must be just.") (citation omitted).

## IV. CONCLUSION

For the reasons stated, the Defendants' Motion *in Limine* to Exclude Evidence, Dkt. 14, will be granted in part and denied in part. The Court will sanction Plaintiff as stated above and order her to file properly amended initial disclosures within two weeks. The Court will grant the parties' request to reopen discovery, Dkt. 22, and will extend discovery for a period of 90 days. A separate Order accompanies this Memorandum Opinion.

Date: October 31, 2019

ROSEMARY M. COLLYER
United States District Judge